UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE PARKER,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>Defendant. | Case No. 3:15-cv-05673-TEH (KAW)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL COMPLIANCE; ORDER DENYING PLAINTIFF'S MOTION TO ALLOW COMPLETION OF DEPOSITIONS**<br><br>Re: Dkt. Nos. 54 & 55 |

On April 10, 2017, the undersigned issued an order pertaining to Defendant's request to compel Plaintiff's appearance for the remainder of her deposition. (Dkt. No. 45.) Therein, the Court stated "that Plaintiff's complaint regarding the difficulty in taking the deposition of key defense witness Karen Pierce is not before the undersigned." *Id.* Nonetheless, the Court generally stated that "the parties must work together to find a mutually agreeable date to take Ms. Pierce's deposition, as required by the Northern District's Guidelines for Professional Conduct, which does not look kindly upon gamesmanship." *Id.* This was in an attempt to encourage the parties to meet and confer as required by the Northern District's Guidelines in an attempt to obviate the need for further court intervention.

On April 19, 2017, Plaintiff filed a motion to compel compliance with the April 10, 2017 order. (Dkt. No. 54.) Despite Plaintiff's protestations to the contrary, the order was not tantamount to an order requiring that the deposition take place—as this issue was not before the undersigned— but, rather, urged the parties to meet and confer regarding scheduling. Based on the information provided, the Court was not in a position to conclude that Ms. Pierce's individual deposition was even properly noticed. *See* Civil L.R. 37-3 ("Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order

of the Court for good cause shown.").

On April 21, 2017, in what appears to be an abundance of caution, Plaintiff filed a motion to allow for the completion of the depositions of Karen Pierce and Plaintiff. (Dkt. No. 55.) On April 24, 2017, Defendant filed oppositions to both motions. (Dkt. No. 57.)

In light of the foregoing, Plaintiff's motion to compel compliance is DENIED on the grounds that there was no formal court order compelling Ms. Pierce's individual deposition in which to compel compliance because the dispute pertaining to her deposition was not before the Court. Moreover, this dispute is not one which "could not have [been] filed earlier because they did not receive the necessary deposition transcripts." (Dkt. No. 52.) Similarly, Plaintiff's motion to allow for the completion of Karen Pierce and Plaintiff's depositions is also DENIED, as both motions are beyond the scope of the limited extension of the deadline to file discovery disputes rendering the disputes untimely. *See id.*

IT IS SO ORDERED.

Dated: April 24, 2017

KANDIS A. WESTMORE
United States Magistrate Judge