United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE PARKER,<br><br>    Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>    Defendant. | Case No. 3:15-cv-05673-TEH (KAW)<br><br>**ORDER REGARDING 4/21/17 JOINT LETTER RE: PLAINTIFF'S CHANGES TO HER DEPOSITION TESTIMONY**<br><br>Re: Dkt. No. 56 |

On April 21, 2017, the parties filed a joint letter regarding deposition changes made by Plaintiff Danielle Ross Parker under Federal Rule of Civil Procedure 30(e)(1)(B). (Joint Letter, Dkt. No. 56.)

Upon review of the joint letter, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, finds that all changes are sham and/or contradictory, and, therefore, must be stricken.

## I. BACKGROUND

On April 15, 2017, Plaintiff Danielle Parker's counsel emailed a series of changes to Plaintiff's deposition, which was originally taken on March 8, 2017. (Joint Letter at 1, Ex. A.) It was not signed and did not contain the reasons for the changes. *Id.* On April 18, 2017, Defendant Comcast Cable Communications Management, LLC filed a motion to strike the deposition changes under Federal Rule of Civil Procedure 30(e)(1)(B) on the grounds that the changes did not bear Plaintiff's actual signature or a statement of reasons explaining the changes, and was instead an attempt to rewrite Plaintiff's deposition testimony rather than correct stenographic or typographical errors. (Dkt. No. 51 at 1-2.) Also on April 18, 2017, Defendant filed a motion for summary judgment. (Dkt. No. 50.)

On April 18, 2017, the undersigned terminated the motion to strike and ordered the parties to meet and confer, and, if necessary, file a joint letter by April 21, 2017. (Dkt. No. 53.)

On April 20, 2017, Plaintiff filed amended changes, which have been numbered by the Court:

| No. | Page/Line | Testimony | Corrected Testimony | Reason for Change |
|---|---|---|---|---|
| 1 | 40:22 | "I was moving" | "I was moving, and under tremendous stress and anxiety" | Incomplete response |
| 2 | 60:19 | "I don't recall" | "No" | Clarification |
| 3 | 60:21 | "I don't recall" | "No" | Clarification |
| 4 | 60:23 | "I don't recall" | "No" | Clarification |
| 5 | 89:5 | "Yes, well it was anxiety, not substance." | "Yes, and anxiety" | Correction of response, in a series of questions/responses which were unclear and misleading |
| 6 | 89:8 | "No" | "Yes, and I raised substance abuse issues with my doctor before the call to CDRP" | Correction of response, in a series of questions/responses which were unclear and misleading |
| 7 | 112:9 | "Approximately" | "No, it was earlier" | Response is not correct |
| 8 | 129:12 | "I can't answer that" | "Yes" | Correction of response to question that required understanding of legal terms |
| 9 | 167:16 | "Similar" | "No" | Question was misheard or misunderstood |

(Joint Letter, Ex. B.)

On April 21, 2017, the parties filed the instant joint letter.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 30(e), a deponent or a party may make changes to the deposition transcript in form or substance within 30 days of the transcript's availability if he or she "sign[s] a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1)(B). "Rule 30(e) is to be used for corrective, and not contradictory, changes." *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1226 (9th Cir. 2005). Thus, this permission to make corrections "'in form or substance,' [ ] does not properly include changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment." *Id.* at 1225 (citation omitted). Indeed, Rule 30(e)

> cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

*Id.* (quoting *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La.1992)). As a result,

disputed changes are generally impermissible when they appear to substantively change or contradict original testimony, particularly in the summary judgment context. *Teleshuttle Techs. LLC v. Microsoft Corp.*, 2005 WL 3259992, at *3 (N.D. Cal. Nov. 29, 2005)

### III. DISCUSSION

As an initial matter, the Court declines to strike Plaintiff's corrections as untimely, even though her April 15, 2017 submission did not appear to closely comply with Rule 30(e).[1]

On the merits, Defendant contends that all changes should be stricken on the grounds that they are "sham" changes intended to substantively revise deposition testimony in an attempt to rewrite her testimony to avoid summary judgment, . . . [and that they] are improper substantive revisions disallowed by the Ninth Circuit under *Hambleton v. Balkin*. (Joint Letter at 2.) Plaintiff denies that these are sham changes, because the original changes, although absent explanation, were served prior to the filing of Defendant's motion for summary judgment. (Joint Letter at 5.) The Court will address each of the changes below.

#### A. Change No. 1

Plaintiff attempts to change her response from "I was moving" to "I was moving, and under tremendous stress and anxiety" on the grounds that the original testimony was an "incomplete response." (Joint Letter, Ex. B.) The question asked why Plaintiff had missed work on a certain date. (Parker Dep. at 40:18-19.) Her testimony, therefore, was complete in and of itself without the additional information. The fact that Plaintiff had testified throughout her deposition regarding her general anxiety is unavailing, because there is no indication that her moving was anxiety provoking, especially since she did not recall that during her deposition. (*See* Joint Letter at 5.) Accordingly, this substantive change is stricken.

#### B. Change Nos. 2-4

Plaintiff attempts to change three responses from "I don't recall" to "No" based on them being purported clarifications. (Joint Letter, Ex. B.) These "clarifications," however, directly contradict her original deposition testimony, and, therefore, must be stricken. *See Teleshuttle*,

---

[1] The Court does not know when the transcript was available, because that information was not provided by the parties.

3

2005 WL 3259992, at *2.

### C. Change Nos. 5 & 6

Plaintiff's corrected testimony directly contradicts her original testimony, as she is essentially changing negative responses to affirmative ones. (*See* Joint Letter at 6; Parker Dep. 89:3-11.) Accordingly, these contradictory changes must be stricken.

### D. Change No. 7

Here, Plaintiff seeks to change an incorrect response. That Plaintiff testified differently later in her deposition, after reviewing the relevant documents, does not permit a change to be made to alter her earlier, inconsistent deposition testimony. (*See* Joint Letter at 6.) Thus, this change must be stricken.

### E. Change No. 8

Plaintiff seeks to substantively change "I can't answer that" to an affirmative "Yes" in response to a question regarding asking if Ms. Jackai had "any ill will or bad feelings toward you in April and May of 2013?" (Joint Letter at 6, Ex. B; Parker Dep. at 129:10-12.) The line of questioning continues, and Plaintiff testified that she did not recall anything Ms. Jackai said to her verbally. (Parker Dep. at 129:13-24.) Plaintiff argues that she did not understand the legal concepts of "malice" or "ill will," and, as a result, she did not understand the question. (Joint Letter at 6.) This rationale is untenable, because whether Plaintiff understood is irrelevant because she answered the question. If she did not understand the question, she should have said so during the deposition. As a result, Plaintiff's change substantively alters her testimony and is not permitted under *Hambleton.*

### F. Change No. 9

Plaintiff's final correction also directly contradicts her earlier testimony. (Joint Letter at 6; Parker Dep. at 167:14-19.) Plaintiff argues that the question was "misheard or misunderstood," because, based on the friction between Plaintiff and Ms. Elliot, they obviously did not have a "mothering relationship." (Joint Letter at 6, Ex. B.) Based on Plaintiff's testimony immediately thereafter, however, Plaintiff does not appear to have misheard or misunderstood the question. Therefore, the substantive change must be stricken.

4

## IV. CONCLUSION

Having carefully reviewed Plaintiff's deposition testimony, the Court finds that all nine of the disputed changes are impermissible because they appear to substantively change or contradict Plaintiff's original testimony. Accordingly, the Court strikes all nine changes.

IT IS SO ORDERED.

Dated: May 5, 2017

KANDIS A. WESTMORE
United States Magistrate Judge