UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE PARKER,<br><br>  Plaintiff,<br><br>  v.<br><br>COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>  Defendant. | Case No. 15-cv-05673-TEH<br><br>**ORDER DENYING AWARD OF COSTS** |

Now before the Court is Plaintiff's opposition to Defendant's bill of costs. Plaintiff asks the Court to decline to award Defendant any costs on the ground that Plaintiff is impoverished and unable to pay. Even though Plaintiff has not filed a motion to deny costs, the Court finds it expeditious to consider her request now before the Clerk of the Court spends time reviewing Defendant's bill. For the reasons set forth below, the Court DECLINES to award Defendant any costs in the present matter.

**BACKGROUND**

This case arose out of the May 2013 termination of Plaintiff Danielle Parker ("Plaintiff" or "Parker") from her position as a sales consultant for Defendant Comcast ("Defendant" or "Comcast"). Plaintiff claimed her termination violated public policy because Defendant discriminated against her on the basis of disability. Defendant contended that Plaintiff's supervisor and human resources manager, who made the decision to terminate Plaintiff, were not on notice that she suffered from a disability and thus did not terminate her "because of" a disability.

Finding that Plaintiff had failed to establish a prima facie case of discrimination, the Court granted summary judgment for Defendant on May 25, 2017. ECF No. 68. Judgment was entered in favor of Defendant on the same date. ECF No. 69. Defendant filed their bill

of costs on June 6, 2017, seeking $9,028.16 in costs. ECF No. 70. Plaintiff filed a memorandum arguing that costs should be denied or alternatively reduced. ECF No. 72. Because the Court agrees with Plaintiff that asking her to cover the claimed costs would be unjust, the Court does not need to rule on Plaintiff's objections to specific costs.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Association of Mexican–American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000). In order to overcome the presumption, a losing party must show that to award costs to the prevailing party would be unjust. *Key v. Chrysler Motors Co.*, 128 N.M. 739, 741 (2000). Though broad, the Court's "discretion is not unlimited. A district court must specify reasons for its refusal to award costs." *Mexican-American Educators*, 231 F.3d at 591 (internal quotations omitted).

In the Ninth Circuit, there are several factors which may justify denial of costs: "(1) the losing party's limited financial resources; (2) misconduct on the part of the prevailing party; (3) the chilling effect of imposing such high costs on future civil rights litigants; (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance." *Van Horn v. Dhillon*, 2011 WL 66244 at *3 (E.D. Cal., 2011); *see also Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010) (citing *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003)); *Mexican-American Educators*, 231 F.3d at 592. These factors do not limit the reasons why a court may find justice requires denial of costs; the Ninth Circuit, in listing these reasons for denial, did not intend the list to be exhaustive. *Mexican-American Educators,* 231 F.3d at 593.

## DISCUSSION

In this case, the Court finds it necessary to exercise its discretion to decline to award Defendant costs. The Court's decision rests on three of the seven factors enumerated by the Ninth Circuit in *Champion Produce, Inc.*, 342 F.3d at 1022.

First and foremost, the Court notes Plaintiff's extreme financial hardship. According to her declaration, Parker is unemployed, she does not own a car or a home, she is two months behind on paying rent, and she is approximately $5000 in debt. Parker Decl. ¶¶ 1-7 (ECF No. 71). She is a single mother raising a 9 year-old child with no income. To add over $9000 in costs to Plaintiff's present burden would be manifestly unjust.

Secondly, the Court takes into account that this was a disability discrimination case filed by an employee who genuinely believed she was terminated because she suffered from a disability. To require an indigent plaintiff who brought suit over what she thought was a violation of her right to equal protection under the law would have a chilling effect on disability cases and it could deter future litigants from bringing suit. This consideration weighs in favor of granting Plaintiff's request to deny costs.

Lastly, the fact that Plaintiff litigated her case in good faith further convinces the Court that Plaintiff should not be required to cover Defendant's costs. Plaintiff brought a meritorious claim, followed all deadlines and procedures, and timely opposed Defendant's motion for summary judgment. Disagreement over discovery was properly handled and resolved under the direction of a Magistrate Judge.

## CONCLUSION

For the reasons stated above and in the interest of justice, the award of costs sought by Defendants is hereby DENIED.

**IT IS SO ORDERED.**

Dated: 06/26/17

_____
THELTON E. HENDERSON
United States District Judge

3